**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| GDR COLUMBIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| PROGRESSIVE PLATING COMPANY, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff GDR Columbia, LLC, by counsel, for its complaint against defendant Progressive Plating Company, Inc., alleges and states:

### THE PARTIES

1. GDR Columbia, LLC is a limited liability company organized under the laws of Indiana having its principal place of business at 1016 3rd Avenue Southwest, Suite 100, Carmel, Hamilton County, Indiana, and owning real property located at 2064 Columbia Avenue, Indianapolis, Marion County, Indiana (the "Property").

2. Gregory Rankin is the member of GDR Columbia, LLC.

3. Gregory Rankin is a citizen of Indiana.

4. Progressive Plating Company, Inc. ("Progressive Plating") is a corporation organized under the laws of Indiana having its principal place of business in Indianapolis, Marion County, Indiana.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties because they conducted business in Indiana, and the actions giving rise to this complaint occurred in Indiana, causing harm to GDR Columbia.

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, as well as 42 U.S.C. § 9613(b). The Court has subject-matter jurisdiction over the state-law claim because it arises from the same common nucleus of operative facts as the federal-law claims.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 9613(b).

## NATURE OF THE CASE

8. This lawsuit asserts claims under Indiana's Environmental Legal Action Statute, Ind. Code §§ 13-30-9-1 *et seq*. ("ELA"), and the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)(4)(B) *et seq*. ("CERCLA"), to recover costs incurred and to be incurred by GDR Columbia in addressing the release of hazardous substances that pose a risk to human health and the environment.

## SITE OPERATIONS

9. In 1973, Progressive Plating acquired and began operating a plating facility at the Property.

10. Its operations included zinc, copper, nickel, and chrome electroplating.

11. As part of its operations, Progressive Plating installed and utilized plating baths, wetting agents, and degreasing systems.

12. The operations at the Property involved the storage of hazardous substances and the generation and storage of hazardous waste.

13. For example, the plating baths, wetting agents, and degreasing systems utilized hazardous substances, including lead, hexavalent chromium, and trichloroethene ("TCE").

14. Progressive Plating's operations resulted in the disposal and release of hazardous substances at the Property.

15. For example, a fire occurred at the Property on December 4, 1990.

16. During the fire, the roof of the building housing the dip tanks and material storage collapsed, causing spillage from the plating baths and overflow from the dip tanks.

17. Hazardous substances and hazardous waste were released at the Property as a result of Progressive Plating's operations.

18. The contamination released from and disposed of by Progressive Plating at the Property poses a risk to human health and the environment.

19. For example, a June 2022 phase II environmental site assessment and a July 2023 limited site investigation confirmed exceedances of the Indiana Department of Environmental Management Risk-Based Closure Guide Published Levels for lead in vadose zone soil, hexavalent chromium and TCE in groundwater, and TCE in sub-slab vapor and soil gas.

20. Progressive Plating ceased operations at the Property in 2023.

21. Since discovering the contamination, GDR Columbia has borne and will continue to bear environmental response costs, including expenses necessary to remove and remediate the contamination.

22. Through this action, GDR Columbia seeks to recover its past and future environmental response costs incurred due to Progressive Plating's contamination, as well as its attorneys' fees and court costs associated with this action.

## CLAIMS FOR RELIEF

### Count I
### Indiana Environmental Legal Action

23. GDR Columbia incorporates by reference paragraphs 1 through 22 above as though fully set forth herein.

24. Section 13-30-9-2 of Indiana's Environmental Legal Action statute (the "ELA") reads as follows:

> A person may, regardless of whether the person caused or contributed to the release of a hazardous substance or petroleum into the surface or subsurface soil or groundwater that poses a risk to human health and the environment, bring an environmental legal action against a person that caused or contributed to the release to recover reasonable costs of a removal or remedial action involving the hazardous substances or petroleum.

25. GDR Columbia and Progressive Plating are "persons" within the meaning of the ELA.

26. Progressive Plating caused and contributed to the release of hazardous substances into the subsurface soil and groundwater at and around the Property.

27. The subsurface soil and groundwater contamination at and around the Property poses a risk to human health and the environment.

28. Through work conducted at and around the Property by and on behalf of GDR Columbia, GDR Columbia has incurred and will continue to incur environmental response costs related to Progressive Plating's contamination of the Property.

29. Progressive Plating is liable to GDR Columbia for all costs incurred and to be incurred as a result of the subsurface soil and groundwater contamination at and around the Property, including attorneys' fees and court costs associated with this action.

## Count II
## Declaratory Judgment

30. GDR Columbia incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

31. An actual controversy exists between GDR Columbia and Progressive Plating regarding their respective rights and obligations under Indiana law, including but not limited to liability for environmental contamination at and around the Property under the ELA, Indiana Code §§ 13-30-9-1 *et seq*.

32. Indiana Code § 34-14-1-2 authorizes courts to declare the rights, status, and other legal relations of parties to a justiciable controversy, whether or not further relief is or could be claimed.

33. Under the ELA, Progressive Plating caused or contributed to the release of hazardous substances at and around the Property, resulting in contamination that poses a risk to human health and the environment.

34. GDR Columbia has incurred, and will continue to incur, environmental response costs to address the contamination caused by Progressive Plating.

35. GDR Columbia seeks a judicial declaration that Progressive Plating is liable under the ELA for the environmental contamination at and around the Property, including contamination of the subsurface soil and groundwater, and is obligated to pay all response costs, damages, attorneys' fees, and court costs incurred or to be incurred by GDR Columbia in addressing such contamination.

36. Such a declaratory judgment will resolve the controversy between the parties, clarify their rights and obligations under the ELA, and prevent further disputes.

## Count III
## Comprehensive Environmental Response, Compensation, and Liability Act

37. GDR Columbia incorporates by reference paragraphs 1 through 36 above as though fully set forth herein.

38. 42 U.S.C. § 9607(a)(4)(B), commonly referred to as CERCLA Section 107, reads as follows:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for-
>
> > (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
> >
> > (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan (…)

39. 42 U.S.C. § 9601(9) reads as follows: "The term 'facility' means (A) any building, structure, installation, equipment, pipe, or pipeline … or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located."

40. 40 CFR § 304.12 (m) reads as follows: "Potentially responsible party or PRP means any person who may be liable pursuant to section 107(a) of CERCLA, 42 U.S.C. 9607(a), for response costs incurred and to be incurred … not inconsistent with NCP."

41. The Property is a facility pursuant to 42 U.S.C. § 9601(9).

42. Progressive Plating owned and operated the Property during a time when hazardous substances were disposed of at the Property.

43. Progressive Plating released and disposed of hazardous substances, including lead, hexavalent chromium, and trichloroethene, into the subsurface soil and groundwater at the Property. As a result, Progressive Plating is a Potentially Responsible Party as defined in 40 CFR § 304.12(m).

44. Progressive Plating's releases from the Property have caused GDR Columbia to incur, and will continue to cause it to incur, response costs that are necessary and consistent with the National Contingency Plan.

45. Progressive Plating is jointly and severally liable to GDR Columbia for all costs GDR Columbia has incurred and will incur due to the subsurface soil and groundwater contamination at and around the Property.

**Prayer for Relief**

WHEREFORE, GDR Columbia respectfully requests that the Court:

a. Enter judgment in favor of GDR Columbia, and against Progressive Plating;

b.      Order Progressive Plating to pay GDR Columbia an amount that will fully and fairly compensate GDR Columbia for its past, current, and prospective damages, including, but not limited to, all environmental response costs incurred to date, consistent with the Indiana Environmental Legal Action Statute and CERCLA;

c.      Order Progressive Plating to reimburse GDR Columbia for all necessary response costs incurred and to be incurred in addressing the release and disposal of hazardous substance contamination at the Property, consistent with the National Contingency Plan;

d.      Declare that Progressive Plating is liable under the Indiana Environmental Legal Action Statute and the Declaratory Judgment Act for all environmental response costs, attorneys' fees, court costs, and damages incurred or to be incurred by GDR Columbia in connection with the contamination at and around the Property;

e.      Declare that Progressive Plating is liable under CERCLA section 107(a) for all response costs incurred and to be incurred by GDR Columbia in addressing the release and disposal of the hazardous substance contamination at and around the Property that are necessary and consistent with the National Contingency Plan.

f.      Declare that Progressive Plating caused or contributed to the release of hazardous substances at and around the Property and is obligated to address and pay all costs associated with such contamination;

g.      Award GDR Columbia its reasonable attorneys' fees and court costs incurred in bringing this action;

h.      Award GDR Columbia prejudgment interest at Indiana's statutory rate of eight percent on all covered, reimbursable past costs and damages; and

      i.      Grant GDR Columbia such further relief as the Court deems just, equitable, and appropriate to protect its interests, remediate the contamination, and ensure compliance with Indiana and federal law.

Respectfully submitted,

*[s] David L. Guevara*
David L. Guevara, Atty. No. 26388-49
Laura R. Allaben, Atty. No. 38764-71
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
Email: dguevara@taftlaw.com
       lallaben@taftlaw.com

*Counsel for Plaintiff*

170846408